UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:02-cr-46-T-23TGW
            8:16-cv-2375-T-23TGW

PEDRO ANTONIO GUZMAN-VALENCIA
                                              /

## O R D E R

Guzman-Valencia's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction both for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and for possession with the intent to distribute 50 grams or more of methamphetamine, for which offenses he is imprisoned for 360 months. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Guzman-Valencia's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Guzman-Valencia's judgment became final when the time to appeal expired in 2003. As a consequence, Guzman-Valencia's one-year limitation deadline was in 2004. Guzman-Valencia's motion to vacate is dated June 22, 2016, which is nearly twelve years late.[2]

---

[2] Earlier this year the district court determined that the retroactive application of Amendment 782 to the Sentencing Guidelines entitles Guzman-Valencia to no relief. (Doc. 35 in 02-cr-46)

Although not explicitly asserted, Guzman-Valencia apparently asserts entitlement to the retroactive application of both *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), which applies retroactively the right established in *Johnson*.  However, *Johnson* is inapplicable because that ruling is limited to the vagueness of a residual clause in determining what qualifies as a "violent felony."  *Johnson* left intact enhancing a sentence based on a prior conviction for a "serious drug offense."  In this action Guzman-Valencia pleaded guilty to both conspiring to distribute and possessing with the intent to distribute controlled substances, for which he received an enhanced sentence as a career offender under Section 4B1.1, United States Sentencing Guidelines, because he has two prior convictions for a controlled substance offense.  Because his sentence is unrelated to a prior conviction for a "violent felony" as defined by a residual clause, Guzman-Valencia gains no benefit under *Johnson*.

Accordingly, the motion to vacate (Doc. 1) is **DENIED** as untimely.  *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable.  The clerk must enter a judgment against Guzman-Valencia and close this case.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Guzman-Valencia is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Guzman-Valencia must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and he is entitled to relief under neither *Johnson* nor *Welch*, Guzman-Valencia is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Guzman-Valencia must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 24, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE